h GORBATY, Judge.
Jan Freeman Lorbeck appeals a judgment granting James C. Lorbeck a reduction in his child support obligation for their minor daughter. For the following reasons, we affirm in part, and reverse in part.
FACTS AND PROCEDURAL HISTORY:
The parties were divorced on November 29, 1994. In conjunction with the signing of the divorce judgment, the parties executed a consent judgment of child support and a joint plan of implementation of custody. The parties agreed to share equally custody of their minor daughter, Lauren, and further agreed that Dr. Lorbeck would pay $825 per month child support for the entire year, despite the shared custody arrangement. Further, Dr. Lor-beck agreed to be responsible for 100% of any educational expenses, and 50% responsible for any day care and summer camp expenses. Ms. Lorbeck agreed to either carry Lauren on her medical insurance, or “cause her to be carried on James’ insurance.” In addition, Dr. Lorbeck would be responsible for two-thirds of all extraordinary medical expenses not covered by insurance. The parties also agreed pursuant to the consent [¿judgment that Dr. Lor-beck could not use the fact that he had custody of Lauren for 50% of the time as a basis for a future reduction in child support.
In June of 1998, Dr. Lorbeck filed a Rule to Decrease Child Support alleging a change in circumstances in that Ms. Lor- *658 beck and her new husband[1] were sharing household expenses, and that Ms. Lor-beck’s income had increased.
The trial court rendered judgment on November 19, 1998, reducing Dr. Lor-beck’s direct child support obligation to $300. In addition to the amount paid directly to Ms. Lorbeck, Dr. Lorbeck was to continue paying 100% of all school and health related expenses[2], and, additionally, was to begin paying 100% of all extracurricular activities.
Ms. Lorbeck has appealed the judgment.
DISCUSSION:
In the first assignment of error, Ms. Lorbeck contends that the trial court erred in its determination that Dr. Lor-beck proved a substantial change of circumstances sufficient to warrant a reduction in child support.
Louisiana Civil Code art. 142 provides that “[a]n award of support may be modified if the circumstances of the child or of either parent change.... ” La.Rev.Stat. 9:311 A provides that an award of child support shall not be modified unless the party seeking the modification shows a change in circumstances of one |3of the parties between the time of the previous award and time of filing the rule for modification. Neither codal provision contains the directive that a “substantial” change must be proven. In Stogner v. Stogner, 98-3044, p. 11 (La.7/7/99), 739 So.2d 762, 769, the Supreme Court explained that the term “substantial” had been incorrectly added to the statutory language by courts of appeal. The Court stated that the “jurisprudential gloss” unduly heightened the burden of proof necessary to modify a previous award. Id. The Court explained that a party seeking a modification need only prove a change of circumstances sufficient to justify the modification, and that each case should be evaluated individually based on the particular facts of that case. Id. at p. 12, 739 So.2d at 769. Accordingly, Dr. Lorbeck had to prove that the circumstances of the child or of either parent had changed.
In support of his rule to reduce child support, Dr. Lorbeck alleged that Ms. Lorbeck’s remarriage resulted in her having the benefit of expense sharing. He alleged that her new husband is responsible for paying the mortgage note, the utilities and insurance on the couple’s new home. Prior to her remarriage, Ms. Lor-beck was responsible for the note, utilities and insurance on her condominium. Ms. Lorbeck admitted that her new husband had assumed responsibility for these expenses, however, she argued that she was responsible for all other household expenses, such as cleaning supplies, maid service, dry cleaning, food, and yard maintenance.
|4The trial court found that Ms. Lor-beck’s financial situation had improved upon remarriage. Ms. Lorbeck testified that prior to her remarriage, she paid her mortgage note, insurance and utilities, expenses that her new husband is now paying. Her argument that she is solely responsible for other household expenses is of no moment because she paid those same expenses for herself prior to her remarriage. We find no error in the trial court’s *659 determination that Dr. Lorbeck proved a change in circumstances sufficient to warrant a review of his child support obligation.
Ms. Lorbeck also argues that the trial court erred in imputing income to her for expense sharing with her new husband. As stated above, Ms. Lorbeck does not deny that her current husband is now paying expenses that she paid prior to her remarriage.
Louisiana Revised Statute 9:315(6)(c) provides:
The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party’s actual expenses.
Ms. Lorbeck’s argument that she now has increased expenses associated with her new home, such as $27,000 in renovation costs, does not negate the fact that her current husband is paying expenses she paid before her remarriage. The purchase of the new home has generated new expenses, but without the help of her current spouse, the expenses would be paid by Ms. Lorbeck. Although we do not find that the trial court erred in determining that Ms. Lorbeck is benefiting from | .^expense sharing, we cannot determine if the amount of money imputed to her is correct. The record is silent as to the dollar amount being imputed to Ms. Lorbeck.
Likewise, because the record does not contain sufficient evidence for this Court to make a determination as to the remaining assignments of error, we must reverse the judgment insofar as it reduces Dr. Lorbeck’s child support, and reallocates certain financial responsibilities between the parties. The record does not contain verified income statements, tax returns or other income verification for either party as required by La.Rev.Stat. 9:315.2. As this Court recently stated in Ventura v. Rubio, 2000-0682, p. 8 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 888, “[djocumentation is essential in the setting of child support....” There is no evidence pertaining to the child’s school tuition, or other school-related expenses. Further, the judgment is vague as to what is meant by “extra-curricular activities,” and as to whether Dr. Lorbeck must now pay for the child’s health insurance, or if he is solely responsible for amounts not covered by insurance.
A court of appeal is a court of review. It is limited in its review to the evidence submitted and entered into the record at the trial court level. See, Arceneaux v. Arceneaux, 98-1178 (La.App. 4 Cir. 3/17/99), 733 So.2d 86, writ denied, 99-0518 (La.4/9/99), 740 So.2d 633, writ not considered, 99-1351 (La.6/25/99), 745 So.2d 624; Uniform Rules, Courts of Appeal, Rule 1-3. Counsel for both sides have indicated that much of the discussion about income and expenses took place in chambers during a pre-trial conference. Such “in chambers” discussions are not of record, and cannot be considered by a reviewing court.
Neither the transcript nor the judgment in this case enlightens this Court as to how the trial court concluded that Dr. Lor-beck’s child support should be reduced from $825 per month to $300 per month. Because of the absence of evidentiary | ^support, this Court must reverse the judgment as to the amount of the reduction of child support. We affirm the trial court’s judgment only insofar as we find Dr. Lorbeck did prove a change in circum *660 stances sufficient to warrant a review of his child support obligation.
AFFIRMED IN PART, REVERSED IN PART.

. Ms. Lorbeck remarried in April of 1997. Her new surname is Parry, but for the purposes of this appeal, we will continue to refer to her as Ms. Lorbeck.

.' In the previous consent judgment, Ms. Lor-beck was ordered to provide health insurance for the child, with the parties each paying a pro rata share of the non-covered expenses. The trial court incorrectly stated in the subject judgment that Dr. Lorbeck was to continue paying 100% of all health related expenses.