| tMICHAEL E. KIRBY, Judge.
This case arises from a collision between a Philippine passenger ferry and a Philippine tanker in waters off the coast of the Republic of the Philippines on December 20, 1987. A fiery explosion following the collision resulted in a very large number of deaths and injuries. Ml of the named plaintiffs in this matter are citizens and residents of the Philippines, and none of the named defendants is a Louisiana corporation. However, plaintiffs filed the instant lawsuit in Orleans Parish after discovery revealed that three of the named defendants have business contacts in Louisiana, thereby subjecting them to the personal jurisdiction of the Louisiana courts.
The procedural history of this case is lengthy and complex, but the instant appeal involves only the March 27, 2002 order of the trial court dismissing the lawsuit on forum non conveniens grounds. Citing La. C.C.P. article 123(C), the forum non conveniens article, the trial court ordered that this matter be dismissed conditionally, and further ordered that the plaintiffs file their action in the Regional Trial Court in Manila. The court further stated that the dismissal is conditioned upon allowing for reinstatement of the same cause of action in the same forum in the event a suit on the same cause of action or any cause of action arising out of the | ¡>same transaction or occurrence is commenced in an appropriate foreign forum within sixty days after rendition of the judgment of dismissal, and such foreign forum is unable to assume jurisdiction over the parties or does not recognize such cause of action or any cause of action arising out of the same transaction or occurrence. In its reasons for judgment, the trial court stated: “The *402 Regional Trial Court in Manila is a venue where all plaintiffs can seek redress. It is infinitely more convenient to the plaintiffs.”
In appealing the March 27, 2002 judgment, one of the plaintiffs’ arguments is that La. C.C.P. article 123 requires that a lawsuit conditionally dismissed on the ground of forum non conveniens be reinstated when the foreign forum refuses to assume jurisdiction over the parties. In support of this argument, plaintiffs have filed a motion to supplement the record on appeal with a copy of a judgment issued on July 2, 2002 from the Regional Trial Court, Branch 39, Manila in the Republic of the Philippines. Plaintiffs argue that the Manila court has refused to assume jurisdiction over their claims, so the July 2, 2002 judgment from Manfla is relevant to the issue of whether or not dismissal of their claims on forum non conveniens grounds is appropriate.
Without addressing the contents of the July 2, 2002 Manila judgment, which is attached to plaintiffs’ brief but is not properly before this court at this time, we note that the main problem in this case is that the Civil District Court did not have the opportunity to consider the July 2, 2002 Manila court judgment when rendering its decision on whether this lawsuit should be dismissed on forum non conve-niens grounds. A court of appeal is a court of review. Lorbeck v. Lorbeck, 99-1257, p. 5 (La.App. 4 Cir. 5/23/01), 789 So.2d 656, 659, writ denied, 2001-2342 (La.11/16/01), 802 So.2d 615. It is limited in its review to the evidence submitted and | .^entered into the record at the trial court level. Id. Because the Manila judgment was rendered after the trial court issued its March 27, 2002 judgment, we conclude that it is inappropriate to supplement the record with the Manila judgment at this stage of the proceedings due to the fact that this evidence was not available to the trial court at the time its decision was rendered.
La. C.C.P. article 2164 authorizes this court to render any judgment that is just, legal and proper upon the record on appeal. Considering the special circumstances in the matter at hand, we find that judicial economy requires that this matter be remanded to allow the trial court the opportunity to review the July 2, 2002 Manila judgment and render a new ruling after determining what effect, if any, this foreign judgment has on its decision regarding whether this lawsuit should be dismissed on forum non conveniens grounds. We specifically state that we are not taking any position at this time as to whether or not the Manila judgment should have any effect on the trial court’s decision. Because we are remanding this matter for a new ruling to be rendered by the trial court after consideration of the Manila judgment, we need not address the issues presented in this appeal. The right to appeal the ruling of the trial court on remand is specifically reserved to all parties.
REMANDED.
TOBIAS, J., concurs and assigns reasons.