| DENNIS R. BAGNERIS, SR., Judge.
The Appellants/Defendants, CalTex and the Steamship Mutual Underwriting Association (Bermuda) Limited, appeal the judgment of the district court signed on January 27, 2004, reinstating the Appel-lees’/Plaintiffs’ action in the Civil District Court Parish of Orleans. The Appellees answered the appeal also raising error by the district court. We affirm the judgment of the district court.'
Facts and Procedural History
The instant case arises out of a massive collision that occurred on December 20, 1987, between a Philippine passenger ferry and a Philippine tanker in waters off the coast of the Republic of the Philippines.[1]
The procedural history is lengthy and complicated; therefore, we reiterate only the significant procedural history in an effort to broach the issues on appeal. On December 19, 1988, the plaintiffs filed suit in Civil District Court for the Parish of *458 Orleans. The district court conditionally dismissed the case under the theory of forum non conveniens and the plaintiffs filed their claims in the regional trial court in Catbalogan, Samar[2]. The Catbalogan complaint was dismissed under the theory | ¡.of prescription. Thus, the parties came before the Orleans Parish court again on the issue of forum non conveniens. The district court once again conditionally dismissed the suit and urged the plaintiffs to intervene in a pending suit in Manila. The Manila court denied the intervention at the same time that the plaintiffs were appealing to this Court their second conditional dismissal by the Orleans Parish court. On January 9, 2003, this Court remanded the case to determine “what effect, if any [the July 2, 2002 Manila] Judgment has on its decision regarding whether this lawsuit should be dismissed on forum non conve-niens ground.”[3] CalTex went on to argue that the judgment in Manila had no effect and the district court subsequently granted CalTex’s exception of forum non conve-niens on November 30, 2001.
The district court initially found that the case should be dismissed because “there is no more appropriate forum than the Philippines to adjudicate these claims, and no forum less appropriate than Louisiana.” However, after further argument and pleading by both parties, the district court now concludes that' the plaintiffs cannot find a foreign forum that will provide adequate remedy and for that reason the case must be reinstated in the Civil District Court for the Parish of Orleans.
Assignments of Error
CalTex assigned two assignments of error. First it argues that the district court erred in concluding that Art. 123 of the La. C.C.P. permitted the plaintiffs to return to a Louisiana forum after they actively opposed their claims in the most convenient forum. Secondly, that the district court erred in concluding that certain foreign claimants did comply with the district court’s second forum non conveniens | .-¡dismissal when the petitioners filed and then actively opposed their own claims in what CalTex argues would have been a more convenient foreign forum.
The Steamship Mutual Underwriting Association (Bermuda) Limited (hereinafter “Steamship”), argues that the district court erred in reinstating “those plaintiffs whose intervention was denied by the Manila Trial court” after it ruled twice that the courts of Louisiana had no interest in their claims and dismissing their action on forum non conveniens grounds.
In light of the issues presented for review by CalTex and Steamship, this Court finds that the sole issue on appeal is whether the district court erred in reinstating the plaintiffs claim in the Civil District Court for the Parish of Orleans based on the evidence. After thorough review of the record, we find no abuse of discretion by the district court for the reasons that follow.
Standard of Review
The standard of review in this case is whether the trial judge abused her discretion. The abuse of discretion standard of review is appropriate because La.
*459 C.C.P. art. 128, which treats forum non conveniens, permits — it does not mandate — that a case be transferred if certain conditions are fulfilled. This gives the trial judge the discretion to grant the motion to transfer or not, and we review whether or not that discretion was abused. AO. Smith Carp. v. American Alternative Insurance Corp., 2000-2485 (La.App. 4 Cir. 12/27/00), 778 So.2d 615, 619; Piper Aircraft Company v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419, 436 (1981); Karim v. Finch Shipping Company Ltd., 265 F.3d 258, 2001 A.M.C. 2618 (5th Cir.9/5/01); Cantuba v. American Bureau, of Shipping, 2001-1139 (La. App. 4 Cir. 2/13/02), 811 So.2d 50.
Louisiana C.C.P. Art. 123, forum non conveniens, reads in pertinent part:
14A. For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court’s own motion after contradictory hearing, may transfer a civil case to'another district court where it might have been brought
B. Upon the contradictory motion of any defendant in a civil case filed, in a district court of this state in which a claim or cause of action is predicated upon acts or omissions originating outside the territorial boundaries of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice ...
C.... The court may further condition the judgment of dismissal to allow for reinstatement of the same cause of action in the same forum in the event a suit on the same cause of action or on any cause of action arising out of the same transaction or occurrence is commenced in an appropriate foreign forum within sixty days after the rendition of the judgment of dismissal and such foreign forum is unable to assume jurisdiction over the parties or does not recognize such cause of action or any cause of action arising out of the same transaction or occurrence.-
Argument
CalTex argues that there is no connection between Louisiana and the instant case. It further argues that the district court 'was correct in its November 30, 2000, Reasons for Judgment when it concluded that Philippine law was more appropriate to settle this matter.' CalTex’s main argument centers around the lawsuit filed in Catbalogan which CalTex argues was done in secrecy. CalTex alleges that only through the secret filing of the suit could the claimants “acquiesce in their dismissal, allow the time for reconsideration to lapse, allow the time for appeal to lapse, and then wait a few more months so that no defendant could challenge the result”. We find this argument unconvincing.
|¡;CalTex further argues that the petitioners' actively opposed their own claims in Manila in an effort to have them dismissed and that this constituted “sabotage.” Specifically, CalTex claims that the petitioners sabotaged their own Motion to Intervene in the Manila court by failing to provide support for the motion and failing to advise the Manila court of the previous dismissal in Catabalogan. We find that the record reflects that the petitioners accurately filed their motion in accordance with the appropriate law. We also find that there is no harm in the petitioner’s efforts to seek another forum to litigate. The record does not-reveal any wrongdoing or ill filings on the part of the petition *460 ers that warrants the label of “sabotage” or deceit. There is little merit to this argument.
Steamship contends that the district court ruled in favor of the plaintiffs as a last resort. Steamship relies on In re Air Crash, Disaster Near New Orleans, La., 821 F.2d 1147, 1166 (5th Cir.1987), which concluded that the plaintiff can reinstate his suit “in the alternative forum without undue inconvenience or prejudice and that if defendant obstructs such reinstatement in the alternative forum that plaintiff may-return to the American forum”. Steamship maintains that the defendants did not obstruct the petitioners from filing in a foreign forum nor did the defendants attempt to evade the litigation at any time. It argues that In re Air Crash supports its theory that the petitioner’s right to reinstate is not absolute when they acted in an unreasonable or unwarranted matter so as to prejudice their right to proceed in the Philippines and that they should have forfeited their right to reinstatement.
Steamship further contends that the identity of the plaintiffs in the instant case is the main factor in determining whether the forum is correct. The plaintiffs, however, are an array of individuals totaling approximately 2060 claimants. |fi Steamship contends that the claimants are divided into three categories; one group of 76 claimants that Steamship argues has no interest and that their claims have prescribed; one group of 555 claimants and another group of 1492 claimants who Steamship maintains should file as paupers in Manila because they do not “deserve revival” in Orleans Parish. We are of- the opinion that the argument as to whether the claimants have standing is an issue for the district court only after we determine that the forum is proper.
Legal Analysis
For the purpose of our legal analysis, we adopt the language of the district court in its Reasons for Judgment:
The doctrine of forum non con-veniens presupposes that a plaintiff has an adequate and an available remedy at law in the foreign forum before dismissal can be considered. Gulf Oil v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). An alternative forum is considered available if the entire case and all parties can come within its jurisdiction. Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 671 (5th Cir.2003). An alternative forum is adequate if “the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.” Vasquez at 671, citing Gonzalez v. Chrysler Corp., 301 F.3d 377, 380 (5th Cir.2002). If a court with subject-matter jurisdiction over a claim and personal jurisdiction over the parties summarily dismisses a claim because the forum was a less convenient forum than some other venue, its ruling would violate due process if no adequate and available remedy were to exist in a foreign forum. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Piper Aircraft v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); Vasquez, 325 F.3d 665 (5th Cir.2003).
|7By enacting Louisiana Code of Civil Procedure article 123, the Louisiana legislature guaranteed the right of return jurisdiction should the foreign forum not provide an adequate or available remedy.”
Twice the district court ordered the conditional dismissal of the plaintiffs case. The plaintiffs complied with the order of the district court by filing their claims in Manila and Catabalogan. Each judgment provided for the reinstatement of the case *461 in the Civil District Court for the Parish of Orleans should the Philippine courts choose not to accept jurisdiction. While the instant case proves complex procedurally, we cannot conclude that the district court abused its discretion by reinstating the claims of the plaintiffs, especially when the district court clearly rendered its judgments with this possibility in mind. With the affirmation of the judgment of the district court, we leave for that court to delve into who the proper parties are and whether or not they have standing, an issue too ripe at this time. We also discredit the argument that the plaintiffs actions were unethical and that they actively sought to have their claims dismissed in one forum for unprincipled reasons.
This Court understands that these claims have been filed in Texas, Manila, Catabologan and Louisiana, however, we are not in a position to opine where the parties are best situated, we are only in a position to determine whether the district court was abusive in reinstating the claims of the petitioners, and the record reveals that it was not.
Answer to Appeal
In an Answer to the Appeal by the Appellees, the petitioners argue that the district court erred when it modified the January 27, 2004 judgment on February 20, 2004. They. claim that the district court erred by. reinstating only those Isdaimants whose intervention was denied in Manila; by not prohibiting any of the defendants from reurging a forum non conveniens exception at any time in the future and by not authorizing the intervening claimants in the Manila lawsuit to dismiss the motion to intervene that they had previously filed in the Philippines. In their Answer, the Appellees pray that the February 20th 2004, judgment be reversed in part and that CalTex and Steamship be ordered to pay the costs incurred by the petitioners. Our review of the record indicates that the Appellees’ Answer has no merit, especially in light of the fact that they offer no legal analysis in an effort to support their claims.
Decree
For the reasons stated herein we affirm the judgment of the district court reinstating the claims of the petitioners in the Civil District Court Parish of Orleans.
AFFIRMED.
MURRAY, J., concurs and assigns reasons.
LOVE, J., concurs for the reasons assigned by Judge MURRAY.

. The facts are undisputed by the parties and detailed in Carreon v. Cal-Tex Philippines, Inc., 02-1307 (La.App. 4 Cir. 7/9/03), 854 So.2d 400.

. Claims were also filed in Texas. A complete procedural history of the Texas litigation can be found at Baris v. Sulpicio Lines, 74 F.3d 567, 567-70 (5th Cir.), reh’g granted, 101 F.3d 367 (5th Cir.1996), cert. denied, Steamship Mut. Underwriting Ass’n v. Baris, 520 U.S. 1168, 117 S.Ct. 1432, 137 L.Ed.2d 540 (1997), and Caltex Petroleum Corp. v. Baris, 520 U.S. 1181, 117 S.Ct. 1460, 137 L.Ed.2d .564 (1997).

. Carreon v. Cal-Tex Philippines, Inc., 02-1307 (La.App. 4 Cir. 7/9/03), 854 So.2d 400 at 402.