MICHAEL E. KIRBY, Judge.
|! Plaintiff, Patrick Laurent, appeals the trial court judgment in his favor and against defendant, Progressive Security Insurance Company, in the amount of $7,000.00, plus judicial interest from the date of judicial demand until paid and court costs. We affirm.
On December 11, 2000, a vehicle driven by defendant Michelle Jolly-Wright struck plaintiffs vehicle from behind on Interstate 10 in New Orleans. Plaintiff filed a petition for damages against Ms. Jolly-Wright and her insurer State Farm Fire and Casualty Company (“State Farm”) for damages sustained in the accident. Plaintiff subsequently filed a supplemental peti- ■ tion for damages against his uninsured motorist carrier, Progressive Security Insurance Company (“Progressive”).
Plaintiff settled his ■ claim against Ms. Jolly-Wright and State Farm prior to trial, and dismissed those defendants from this matter. This case proceeded to trial against Progressive. Following trial, the trial court rendered judgment in favor of plaintiff and against Progressive in the amount of $20,000.00, reduced by the 12tender made by State Farm of $10,000.00 and the tender made by Progressive of $8,000.00, for a total general damages award of $7,000.00 plus judicial interest from date of judicial demand until paid and court costs. Plaintiff now appeals.
On appeal, plaintiff made three arguments: 1) that the trial court erred in finding this accident caused plaintiff only an eight month aggravation to his cervical condition and 2) in awarding an insufficient amount of general damages in light of evidence that his cervical pain with spasm, limitation of motion and radicular symptoms were caused by the accident in question, have been ongoing since the accident and were not caused or aggravated by any other incident. Plaintiffs third argument is that the trial court abused its discretion in striking from the record plaintiffs post-trial memorandum.
The record shows that the trial court struck plaintiffs original post-trial memorandum and substituted it with an amended memorandum after finding that the original memorandum inappropriately referred to specific settlement discussions and conversations held in chambers and not on the record. A court of appeal is a court of review, and is limited in its review to the evidence submitted and entered into the record at the trial court level. Lorbeck v. Lorbeck, 99-1257, p. 5 (La.App. 4 Cir. 5/28/01), 789 So.2d 656, 659. The discussions held in chambers in this case were not made part of the record, and therefore, cannot be considered by a reviewing court. Id., Mancuso v. Union Carbide Corporation, 99-1273 (La.App. 5 Cir. 4/25/00), 762 So.2d 79. Accordingly, we find no error in the trial Lcourt’s decision to strike plaintiffs original post-trial memorandum from the record.
On the issue of damages, plaintiff contends that his injuries from the accident were much more extensive than the trial court’s finding of an eight-month aggravation of a preexisting cervical condition. In reasons for judgment, the trial court summarized the testimony of the physicians who testified regarding their *49 care and treatment of the plaintiff following the December 11, 2000 accident. The court noted that even though plaintiff testified about long-standing back problems for which he had been treated since 1988, and also acknowledged being injured in a subsequent car accident on September 28, 2001, a September 2001 slip and fall by a swimming pool and a work-related fall in September 2003, he failed to disclose this significant information to the health care providers he saw following the December 2000 accident.
The trial court stated that all of the physicians that testified at trial, including Dr. Courtney Russo, Dr. Adrian Blotner and Dr. William Knight, admitted that there were portions of plaintiffs medical history about which they were never advised. The court noted that plaintiff admitted at trial that he never told his chiropractor, Dr. John Franklyn Dunn, now deceased, about the December 2000 accident because Dr. Dunn had a policy of not treating people that were involved in accidents. The court also noted that plaintiff testified that his back injury had returned to its pre-accident state by August 2001.
^Furthermore, the court stated that Dr. Russo, the orthopedic surgeon who began treating plaintiff in February 2001, testified that he did not know about plaintiffs long-standing chiropractic care under Dr. Dunn or plaintiffs intervening accident in September 2001 in which he slipped and fell by a swimming pool. Dr. Blotner, a neuropsychologist who began providing pain therapy treatment and counseling to plaintiff in March 2003, did not know about the December 2000 car accident. And Dr. Knight, a specialist in physical medicine and rehabilitation who began treating plaintiff in September 2004 for left hip and left leg pain, testified that plaintiff never told him that his neck pain began in January 2003 as he had told Dr. Blotner during his initial visit in March 2003. The trial court noted that Dr. Knight admitted that if plaintiffs neck pain began in January 2003, this remote time period would make it more difficult to conclude with medical certainty that the December 2000 accident caused such an injury.
After hearing the trial testimony, the trial court determined that the physicians who testified regarding their care and treatment of the plaintiff based their opinions, in large part, upon the incomplete and subjective oral history provided by the plaintiff during the course of their treatment. The court found, after weighing the testimony of these physicians when confronted with more accurate and detailed information relative to the plaintiffs preexisting problems and his subsequent and intervening accidents, that the totality of the evidence showed that plaintiff suffered an eight month aggravation of his preexisting neck condition as a result of the December 2000 accident.
| rA tortfeasor is only liable for damages caused by his negligent act; he is not liable for damages caused by separate, independent or intervening causes of damage. Keller v. City of Plaquemine, 96-1933, p. 17 (La.App. 1 Cir. 9/23/97), 700 So.2d 1285, 1294. Further, the plaintiff has the burden of proving that his injuries were not the result of separate, independent and intervening causes. Id., citing Rebstock v. Cheramie, 95-1388 pp. 5-6 (La.App. 1 Cir. 2/23/96); 673 So.2d 618, 621. The plaintiff has the burden of proving, by a preponderance of the evidence, the causal connection between the accident and the damages claimed, and whether this burden has been sustained is a question of fact, which will not be disturbed on appeal unless clearly •wrong. Id., citing Guidroz v. State, Through the Department of Transportation and Development, 94- *50 0253, p. 15 (La.App. 1 Cir. 12/22/94), 648 So.2d 1361,1370.
While the record contatos conflicting evidence on the issue of whether plaintiffs ongoing cervical pain with spasm, limitation of motion and radicular symptoms were caused by the December 2000 accident, the trial court was not clearly wrong in finding that plaintiffs damages related to the December 2000 accident were resolved by August 2001. The record supports the trial court’s conclusion that plaintiff did not provide his treating physicians with complete and accurate information regarding his pre-existing medical problems and his subsequent and intervening accidents. The trial court’s finding that the plaintiff sustained an eight-month aggravation of his pre-existing neck condition as a result IfiOf the December 2000 accident is supported by the record and will not be disturbed on appeal.
Furthermore, the discretion vested in the trier of fact in the awarding of general damages is great, and even vast. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). Considering the injuries that the plaintiff proved were related to the December 2000 accident, we do not find that the amount awarded to plaintiff in general damages was an abuse of the trial court’s discretion.
For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.