ROLAND L. BELSOME, Judge.
|TIn this appeal, the defendants contest the trial court’s judgment granting the plaintiffs motion for class certification. For the following reasons, we remand for further proceedings.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Harborview Condominium complex, located at 500 Lake Marina Road, New Orleans, sustained wind and flood damage after Hurricanes Katrina and Rita. On August 4, 2006, the plaintiff, Wendy Duhon, filed a class action lawsuit against Harbor Homeowners’ Association, Inc., its insurer, State Farm General Insurance Company, Wagner-Traux, Inc.,[1] and Jack Rose, the president of the Homeowners’ Association.[2] In her petition, the plaintiff asserted three claims against the Homeowners’ Association, through the board and/or its president: 1) it unlawfully increased the insurance deductible without the required notice and approval from the condominium owners; 2) it unlawfully entered the units without authorization, gutting, destroying, discarding, and damaging the contents; and 3) it negligently | failed to administer and supervise the rebuilding process, causing an unnecessary delay in repairs and resulting damages. On January 19, 2007, the plaintiff filed a motion for class certification; however, the motion was denied without a hearing.[3] On September 4, 2007, the plaintiff filed a second motion for class certification, which was set for hearing and continued without date. On July 2, 2013, the plaintiff filed a motion to re-set the class certification hearing. After a hearing, the defendants, the Association and State Farm, moved for an involuntary dis *1021 missal, claiming that the plaintiff failed to establish the requisite elements for class certification. After receiving post-hearing briefs, the trial court granted the plaintiffs motion for class certification, and denied the defendant’s motion for an involuntary dismissal. In its reasons for judgment, the trial court certified the class on the insurance and delay of repairs claims, only. This appeal followed.

POST-ARGUMENT BRIEFS

After oral arguments on appeal, this Court received motions to file post-argument briefs from the plaintiff and the defendants. The plaintiffs brief advised that she voluntarily filed a motion to dismiss any uninsured claims with the trial court after oral arguments. She also filed a motion to dismiss any uninsured claims against the Association in this Court. In response, the defendants filed a post-argument brief also requesting that this Court dismiss any uninsured claims against the Association.
|sWe grant the parties’ motions to file post-argument briefs. However, since our review of the record and ruling on appeal is limited to whether the class action procedural device is appropriate, any motion to dismiss uninsured claims that may affect the propriety of the trial court’s ruling on this issue is not properly before us. See La. Const, art. 5 § 10; Galjour v. Bank One Equity Investors-Bidco, Inc., 05-1360, p. 7 (La.App. 4 Cir. 6/21/06), 935 So.2d 716, 723 (citation omitted); Carreon v. Cal-Tex Phillippines, Inc., 02-1307, pp. 2-3 (La.App. 4 Cir. 7/9/03), 854 So.2d 400, 402. Accordingly, we find that we lack jurisdiction to grant the relief sought.
We do note that the trial court has not had an opportunity to consider the motions for dismissal; and, the disposition on the motions could affect the appropriateness of the trial Court’s ruling on class certification. La. C.C.P. art. 2164 authorizes this Court to render any judgment that is just, legal and proper upon the record on appeal. Considering these special circumstances, we find that judicial economy requires that this matter be remanded to allow the trial court to review the motions, and issue a new ruling on class certification, after determining what affect, if any, the motion ruling has on certifying the class.[4] See Carreon, 02-1307 at 3, 854 So.2d at 402. Since the matter is being remanded, we pretermit discussion of the issues set forth in this appeal. The right to appeal the ruling of the trial court on remand is specifically reserved to all parties.
| ¡.CONCLUSION
The parties’ motions to file post-argument briefs are granted. The matter is remanded for further proceedings consistent with this opinion. ,
REMANDED.

. Wagner-Traux was the property manager for Harborview.

.Wagner-Traux and Jack Rose were eventually dismissed from the lawsuit.

.The order contained the following reason: "Class action not available on Hurricane Fast Track.”

. At this time, we have no opinion on whether the motions will affect the class certification determination.